UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OPIE GLASS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:21-cv-00059-JPH-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion to Subpoena, Motion to Amend, and Motion for Extension of Time**

Petitioner Opie Glass pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and was sentenced to 292 months' imprisonment. *United States v. Glass*, 1:18-cr-313-JPH-MJD, dkt. 291. He challenges his conviction and sentence under 28 U.S.C. § 2255 alleging that his counsel provided ineffective assistance during his plea negotiations. Mr. Glass has filed a motion to amend his § 2255 petition and a motion to subpoena phone recordings.

**I. Motion to Subpoena**

In his motion to subpoena, Mr. Glass asks the Court to subpoena all of the calls he made to his attorney while he was confined at the Oldham County Detention Center. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . ." Mr. Glass asserts that the transcripts he seeks will provide evidence to support his claims that his counsel failed to

adequately advise him. Accordingly, the motion to subpoena, dkt. [13], is **granted** to the extent that Mr. Glass is granted leave to attempt to obtain these records if they exist.

## II. Motion to Amend

In his motion to amend, Mr. Glass asserts that he wishes to submit the transcripts discussed above in support of his § 2255 motion. He states that these transcripts will support his claims that his attorney provided ineffective assistance. Mr. Glass also provides an affidavit he wishes to include with his § 2255 motion in which he discusses conversations he had with his attorney.

The motion to amend, dkt. [12], is **granted** to the extent that Mr. Glass has been permitted to seek discovery of the transcripts and may amend his § 2255 motion with any such evidence he receives and with an affidavit. The Court notes, however, that the affidavit that Mr. Glass has filed is not sworn under penalty of perjury as required by 28 U.S.C. § 1746. If Mr. Glass wishes to present the statements made in his affidavit as evidence in support of his § 2255 motion, he should submit a declaration that is sworn under penalty of perjury.

## III. Conclusion

As discussed above, Mr. Glass's motion to amend, dkt. [12], and motion to subpoena, dkt. [13], are each **granted**. The **clerk shall include** an endorsed, but otherwise blank, subpoena with Mr. Glass's copy of this Order. It is Mr. Glass's responsibility to ensure that the subpoena is served properly. Mr. Glass shall have **through October 11, 2021**, to file an amended § 2255 motion that contains all of the evidence he wishes to include. The United States' motion for an extension of time, dkt. [17], is **granted** to the extent that the United States shall have **through November 15, 2021**, to file a response to the § 2255 motion.

The Bureau of Prisons inmate locator indicates that Mr. Glass is currently housed at the Federal Correctional Institution in Terre Haute, Indiana. Accordingly, the **clerk shall update** the docket to reflect Mr. Glass's address as indicated in the Distribution of this Order.

**SO ORDERED.**

Date: 8/10/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Opie Glass
Reg. No 16847-028
Terre Haute FCI
PO Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel

3